UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARVIN WALKER,

        Plaintiff,

v.

KENT REGIONAL JUSTICE CENTER, et al.,

        Defendants.

CASE NO. C08-1609-JLR-BAT

REPORT AND RECOMMENDATION

Plaintiff, who was incarcerated in a state correctional facility, has submitted a proposed complaint under 42 U.S.C. § 1983 in which he alleges that his eyeglasses disappeared during a "Code Blue" incident in his unit and he never recovered them. Dkt. 1 (Proposed Compl.). He seeks reimbursement for the cost of the glasses and damages for the pain and suffering he experienced because he could not see without his glasses. He names the Kent Regional Justice Center, Officer Davis, and Office Woodbury as defendants in this action. Plaintiff has also presented to the Court an application to proceed *in forma pauperis*. Dkt. 1, 4.

To sustain an action under 42 U.S.C. § 1983, a plaintiff must show that he suffered a violation of rights protected by the Constitution or created by federal statute. C*rumpton v. Gates*, 947 F.2d 1418, 1429 (9th Cir. 1991). Plaintiff's claim that he lost his property while incarcerated does not state a valid constitutional claim for deprivation of property. This is because state law

REPORT AND
RECOMMENDATION – 1

provides a remedy for such a loss that is adequate to satisfy the requirements of due process, both through the correctional facility's internal grievance system and through Washington's Tort Claims Act, RCW § 4.92.090. *See Zinerman v. Burch*, 494 U.S. 113, 128-30 (1990).

Where a *pro se* litigant's complaint fails to state a claim on which relief may be granted, the Court generally grants him the opportunity to amend the complaint. *Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam). However, the Court may deny leave to amend if "it is absolutely clear that no amendment can cure the defect." *Id.* Here, the Court does not see how plaintiff could amend his complaint to cure the above defect without alleging an entirely new cause of action. Plaintiff alleges that he left his glasses in his cell when taking a shower, when he returned to his cell after officers called a "Code Blue" in his unit the glasses were gone, and, when he reported the missing glasses, officers told him they would conduct a "shakedown" in order to search for them but never did. Proposed Compl. at 3. Plaintiff would have to abandon these facts and allege completely new ones in order to cure the deficiency inherent in his complaint. This is more than the rule of liberally granting leave to amend would seem to require. Accordingly, the Court concludes that it is not required to grant plaintiff leave to amend.

For the foregoing reasons, the Court recommends that this action be dismissed and that plaintiff's application to proceed *in forma pauperis* be denied as moot. A proposed Order accompanies this Report and Recommendation.

DATED this 18th day of November, 2008.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND
RECOMMENDATION – 2